IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE L. YOUNGBLOOD,

    Petitioner,                                    No. CIV S-07-0691 LKK GGH P

    vs.

M.S. EVANS, Warden, et al.,

    Respondents.                                ORDER

_____/

        By Order, filed on June 18, 2007, petitioner, a state prisoner, having inappropriately sought an extension of time without having any action commenced, was granted leave to file a petition, pursuant to 28 U.S.C. § 2254, and cautioned that in order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 Cases, and must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a).

        Petitioner's subsequent filing, although consisting of some 217 pages, does not clarify what basis on which he intends to proceed. His burdensome filing consists largely of an extended patchwork of statements without meaning, for example, at pages 14-15, petitioner sets forth the following sentence:

\\\\\

1  As by meaning and purpose of appellant/petitioner's ct. filings/judiciary forms/ct. papers by prima facie and as in invoking at decree of cogent exigencies in an operable appl. and pertinent to cognizable claims, i.e., in supra - duly and timely filed within cause of action in related case, as in all appealable issues and matters addressed in exhaustion of all lowest available courts within proper subject matter jurisdiction, upon compliance and in accordance to Ca. Rules of the Court as by provisions established within the Ca. state/federal laws; and whereby petitioner/appellant being denied of viable access to the courts without due process of law and in violation- deprivation of substantial fundamental constitutional rights, when petitioner/appellant has been induced and subjected to jeopardy, i.e., etc. - as adversely affected while being the victim contrary to law; gross miscarriage of justice, illegality of restraints, procedural due process/equality of due process clauses as equal protection, invalid/vindictiveness of civil rights, validity of unconstitutional, innocence by fraud, unprecedented – gross negligence, court errs/default(s) of judgment – procedural defaults, other obstructions and interferences, in generally– that consistently follow and repeat upon from subsequent appeals in (HC) - "civil rights action" for default relief and injunctive relief as pertinent to acquitable [sic] remedies sought in an equitable case by grounds and merits based on the given facts and evidence to incorporate all relevant caselaw and authority in support, inclusively.

The court is unable to unravel petitioner's extended ramblings.  It is not even clear whether he seeks to proceed by way of a habeas petition or a civil rights action:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973).  Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983.  Ibid.  By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside

of that core and may be brought pursuant to § 1983 in the first instance. See <u>Muhammad v. Close</u>, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); <u>Preiser</u>, <u>supra</u>, at 498-499, 93 S. Ct. 1827.

<u>Nelson v. Campbell</u>, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

At this time the court will not rule on petitioner's application to proceed in forma pauperis because the undersigned cannot discern by what vehicle petitioner/plaintiff intends to proceed. The current filing, which might be characterized as an abuse of process, will be dismissed, but the court will grant petitioner/plaintiff one further opportunity to amend. In doing so, petitioner will be limited to filing either a second amended habeas petition or an amended civil rights action consisting of no more than 20 pages in length, within 30 days. Should petitioner/plaintiff fail to comply with this order, this matter will be dismissed.

Accordingly, IT IS ORDERED that:

1. The putative "amended petition" (# 7) is dismissed, but petitioner/plaintiff is granted leave to file a second amended petition or an amended civil rights action, neither to exceed 20 pages, within 30 days; failure to comply with this order will result in dismissal of this action;

2. The Clerk of the Court is directed to provide plaintiff with the form for filing a civil rights action, pursuant to 42 U.S.C.§ 1983, and the form for filing a habeas corpus petition, pursuant to 28 U.S.C. § 2254; and

3. Upon screening any amended filing, the court will assess the in forma pauperis application.

DATED: 04/03/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
youn0691.dis